UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RANDY TAYLOR HALE,                                                      Plaintiff,

v.                                                      Civil Action No. 3:17-cv-P323-DJH

RAVOONE SIMMS, WARDEN,                                                      Defendant.

* * * * *

## MEMORANDUM OPINION

Plaintiff Randy Taylor Hale, a prisoner presently incarcerated at Green River Correctional Complex, filed this *pro se* complaint under 42 U.S.C. § 1983 while he was incarcerated at Roederer Correctional Complex ("RCC"). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, this action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff brings this action against one Defendant, Ravoone Simms, in her official capacity as Warden of RCC. As relief, Plaintiff seeks only monetary damages.

In his complaint, Plaintiff states that "on or about on Mar 9th and everyday since with the exception of two days that [he] was in segregation [his] religious rights have been violated . . . ." According to Plaintiff, "in the religion [he] practice[s] it is sinful to perform eyeservice or do things just to be seen doing them of no necessity." Plaintiff states that at RCC "bed inspections" are made every morning to ensure that inmates are wearing blue shirts, storing their property boxes under their bunks, and making their beds. Plaintiff states that he asked "Unit 1 Director Ms. Barnes if these tasks was necessity or if we was required to perform these just to fulfill her

sinful expectations." According to Plaintiff, Ms. Barnes "became very irrate and responded it's military like, neat not verifying a necessity." Plaintiff states that he has filed six grievances concerning this matter. Plaintiff asserts that his "Civil Rights are being violated because the staff is using their authority to bully us into performing these non-essential tasks threatening us with disciplinary action . . . ." Plaintiff further contends that the "simple act of enforcing these rules jeapordizes the security because it provokes hostility between staff and inmates."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 90 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal

conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the district court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  LEGAL ANALYSIS

Title 42, United States Code, Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere.  As such, it has two basic requirements:  (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)).  Because Defendant, as Warden of RCC, is an employee of the Commonwealth of Kentucky, the claims brought against her in her official capacity are deemed claims against the Commonwealth of Kentucky.  *Id.* at 166.  State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Burrell v. Sumner*, No. 97-3705, 1998 WL 786979, at *1 (6th Cir. Oct. 29, 1998) (finding that state employees sued in their

official capacity are not persons who may be sued for damages under § 1983).  Thus, because

Plaintiff seeks money damages from a state official in her official capacity, he fails to allege a

cognizable claim under § 1983.  Additionally, Defendant, as a state official and employee sued in

her official capacity for damages, is absolutely immune from § 1983 liability under the Eleventh

Amendment to the United States Constitution.  *Will v. Mich. Dep't of State Police*, 491 U.S.

at 71; *see also Kentucky v. Graham*, 473 U.S. at 169 ("This [Eleventh Amendment] bar remains

in effect when State officials are sued for damages in their official capacity."); *Boone v.*

*Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against

the prosecutors in their official capacities is deemed to be a suit against the state and also barred

by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1

(6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided

over state-court litigation was barred by the Eleventh Amendment).

Accordingly, Plaintiff's claims and this action will be dismissed by separate Order for

failure to state a claim upon which relief may be granted and for seeking monetary relief from a

Defendant who is immune from such relief.

Date:

cc:     Plaintiff, *pro se*
        Defendant
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4415.003

4